IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40406
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL WILEY ARNOLD,
also known as Earl Pitts,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:97-CR-62-1)
_____

April 9, 1999

Before REAVLEY, POLITZ and SMITH, Circuit Judges.

PER CURIAM:[*]

Earl Wiley Arnold has appealed his conviction and the 24-month prison sentence he received on his guilty plea of having failed to create and maintain records pertaining to performers portrayed in sexually explicit photographs, in violation of 18 U.S.C. § 2257(f)(1). We AFFIRM.

Arnold contends, principally, that the district court erred by applying the sentencing guidelines to reach a sentence in excess of twenty-four months. The district court was correct in applying the guidelines to Arnold's plea of guilty and accompanying plea agreement.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arnold pleaded guilty to violation of 18 U.S.C. § 2257(f)(1), failing to maintain records of performers in photographs of actual sexually explicit conduct – as defined by § 2256(2)(A-D). Guideline § 2G2.5 refers to § 2G2.1 for the base offense level if the lack of records is to conceal causing a minor to engage in sexually explicit conduct.

The plea agreement provided:

> All parties understand that this plea of guilty is conditional upon the Sentencing Guidelines calculations in this case providing a term of imprisonment of at least two (2) years for this offense and the related conduct which involves sexually exploiting minors by the production of sexually explicit material in accordance with § 2G2.1 of the Sentencing Guidelines.

Arnold also waived appeal except for sentencing guideline determination. The district court made no error in its sentencing guideline determinations that would affect Arnold's sentence.

AFFIRMED.